Case 2:24-cv-00204 Document 7 Filed on 09/06/24 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SONE QUINTERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:24-CV-00029 |
| | § | |
| SHERIFF ALDEN E SOUTHMAYD III, | § | |
| *et al.,* | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Sone Quintero, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a federal pretrial detainee currently confined in the Aransas County Detention Center in Rockport, Texas. In this action, Plaintiff complains about events that occurred while he was housed at the Bee County Jail in Beeville, Texas. Plaintiff sues the Bee County Sheriff, Alden Southmayd III,[1] and two Bee County Jail officers, "Former Captain" Freddy Bullock and "Sergeant" Emily Martinez for their alleged "gross" and "complete" disregard for the jail's "inhuman" living conditions and being indifferent to Plaintiff's personal health, safety, and medical needs. (Doc. No. 1, p. 3; Doc. No. 1-1.) Plaintiff seeks monetary and punitive damages as well as an injunction so that "jail staff [] be retrained on how to prevent [] this [from] happening again." (Doc. No. 1, p. 4.)

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the

---

[1] Plaintiff sues Bee County Sheriff "Alden Southmade." The undersigned takes judicial notice that the correct spelling of this defendant's name is "Alden E. Southmayd III." *See Bee County Sheriff's Office*, Bee Cnty. Tex., https://www.co.bee.tx.us/page/bee.Sheriff (last visited Sep. 6, 2024). The Clerk is directed to correct the spelling of this defendant's name.

same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this case, all of the acts forming the basis of Plaintiff's § 1983 action appear to have occurred at the Bee County Jail, which is located in Beeville (within Bee County), in the Corpus Christi Division of the Southern District of Texas. All of the named defendants are alleged to be employed by Bee County, and there is no indication that any of the defendants resides in the Victoria Division or committed any act in this division giving rise to Plaintiff's suit. Because the events occurred in Beeville within the Corpus Christi Division of the Southern District of Texas, the interests of justice would be best served by a transfer to that Court. *See* 28 U.S.C. § 1404(a).

Accordingly, **IT IS ORDERED** that this case be **TRANSFERRED** to the Corpus Christi Division. The Clerk is **DIRECTED** to close this case in this division.

ORDERED on September 6, 2024.

MITCHEL NEUROCK
United States Magistrate Judge