United States District Court
Southern District of Texas
**ENTERED**
January 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SONE QUINTERO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00204 |
| § | |
| ALDEN E SOUTHMAYD, III, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1, 18) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On December 12, 2024, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that some of Plaintiff's claims be retained and that others be dismissed. After delays in providing notice associated with Plaintiff's change of address, Plaintiff filed his objections (D.E. 32) on December 31, 2024, which the Court treats as timely.

First, Plaintiff objects to the recommended dismissal without prejudice of the official capacity claims, stating that jailers are willing to testify to the "wrong and unconstitutional" conduct of ranking officers. D.E. 32, p. 1. This does not address the basis for the recommended dismissal, which is that Plaintiff must plead municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). *Monell* requires that official capacity claims, which are equivalent to claims

against the employing agency, include a policy that is a moving force behind unconstitutional conduct. Plaintiff failed to do so. The first objection is **OVERRULED**.

Second, Plaintiff objects that, as a layperson in segregated confinement, he needs assistance to properly plead his case. In particular, he suggests that the Court ask him questions to elicit the pleadings he needs. Plaintiff has already had the opportunity to respond to questions intended to assist him in making his claims. D.E. 18. He has been given appropriate leniency as a layperson. The second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court:

- **RETAINS** the Fourteenth Amendment deliberate indifference claims against Sheriff Southmayd, Sgt. Martinez, and Capt. Bullock—with regard to the harmful living conditions in Plaintiff's dorm from December 2022 through March 2023—in their individual capacities.

- **DISMISSES** without prejudice Plaintiff's claims against all Defendants in their official capacities; and

- **DISMISSES** without prejudice Plaintiff's claims seeking injunctive relief against all Defendants.

**ORDERED** on January 29, 2025.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE